STATE of Tennessee, Appellant,

v.

Larry Glenn RUSSELL and Linda Gayle Russell, Appellees.

Court of Criminal Appeals of Tennessee.

Dec. 19, 1978.

Certiorari Denied by Supreme Court April 9, 1979.

William M. Leech, Jr., Atty. Gen., Robert L. DeLaney, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., John W. Gill, Asst. Dist. Atty. Gen., Knoxville, for appellant.

William L. Waters, Knoxville, for appellees.

## OPINION

BYERS, Judge.

This case is before us on Writs of Certiorari and Supersedeas. The State contends the trial court below acted illegally in suppressing evidence obtained under a search warrant. The trial judge issued the suppression order after the State refused to either reveal the name of their informant or to produce the informant for an *in camera* inspection.

We vacate the suppression order and remand this action.

Whether to require the State to reveal the identity of an informant is within the discretion of the trial judge. *Roberts v. State*, 489 S.W.2d 263 (Tenn.Crim.App. 1972). However, the refusal of the State to produce an informant is not sufficient grounds alone to suppress the search warrant. *Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).

Upon remand, the trial judge is instructed to hold an evidentiary hearing, without the informant being present, to determine the credibility and reliability of the informant and whether the police officers justifiably relied on the information given by the informant. This hearing will not necessarily require the revelation of the informant's identity. It is possible the testimony of the affiant-officer will supply the proof necessary for such a determination. See *Goines v. State*, 572 S.W.2d 644 (Tenn. 1978).

If the trial judge is dissatisfied with the proof presented at this hearing, he may, within his discretion, require the State to produce the informant for an examination by the trial judge in the presence of the District Attorney General, the official Court Reporter, and counsel for the defendants.

DAUGHTREY and CORNELIUS, JJ., concur.