# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 7, 2001 Session

## DANNY RAY HOUSE v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 96-A-70     Seth W. Norman, Judge**

---

### No. M1998-00464-SC-R11-PC - Filed May 16, 2001

---

We granted review in this post-conviction case to determine whether a petitioner has a right to disclosure of the identity of a confidential informant for the purpose of mounting a claim of ineffective assistance of counsel based upon trial counsel's failure to seek disclosure. The post-conviction court concluded that counsel's representation in this regard was not deficient and quashed the petitioner's subpoena for attendance of the informant at the evidentiary hearing. The Court of Criminal Appeals reversed the denial of the petition for post-conviction relief, concluding that counsel's performance was deficient. The Court of Appeals directed the post-conviction court to order the State to disclose the informant's identity to allow the petitioner the opportunity to prove prejudice. Upon review, we agree with the Court of Criminal Appeals that counsel's performance was deficient. However, we hold that an in camera hearing is the appropriate procedural vehicle for determining prejudice in this case. We therefore affirm the Court of Criminal Appeals' judgment as modified and remand the case to the post-conviction court for further proceedings consistent with this opinion.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed as Modified and Case Remanded

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III and WILLIAM M. BARKER, JJ., joined. ADOLPHO A. BIRCH, JR., J., dissenting.

John Edward Herbison, Nashville, Tennessee, for the appellant, Danny Ray House.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Todd R. Kelley, Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## BACKGROUND

On March 8, 1995, Tennessee Bureau of Investigation Agent Patrick Howell, along with a confidential informant, purchased cocaine from an individual whom Howell later identified as the petitioner, Danny House. Although House maintained that he had been misidentified, he entered a best-interest guilty plea on the day of trial in July 1997 to one count of delivery of more than twenty-six grams of cocaine. House received an eight-year community corrections sentence.

In March 1998, House filed the present petition for post-conviction relief claiming that his trial counsel was ineffective for failing to attempt to secure the identity of the informant who was with Howell at the time of the drug transaction. At the evidentiary hearing, Howell testified that he was in an undercover vehicle with a confidential informant when House approached and sold them cocaine. Either the night of the sale or the following day, Howell identified House from a police photograph. Howell did not recall asking the informant to make an identification.

House testified that he did not sell the drugs to Howell. House had asked his trial counsel to obtain the informant's identity because he thought the informant would exonerate him. According to House, counsel told him that the prosecutor would not turn over the file. On the day of trial, House agreed to enter a plea after counsel told House he would go to the penitentiary if convicted.

Trial counsel testified that he did not file a motion to compel the State to reveal the informant's identity. He had never before filed such a motion under similar circumstances and was uncertain if disclosure would have been required. Counsel was unable to express a tactical reason for not attempting to secure the informant's identity. However, in his experience, informants would not talk to defense counsel. Had the informant's identity been revealed, issuing a trial subpoena would have been a "two-edged sword" because counsel did not know what the informant would say. Finally, counsel testified that he had not been able to reach any agreement with the prosecutor until the day of trial and that he was prepared to go to trial if House had rejected the plea offer.

Based on the above testimony, the post-conviction court concluded that counsel's decision not to seek disclosure of the informant's identity was a matter of strategy and, therefore, not deficient performance. The post-conviction court denied the petition without allowing House an opportunity to call the informant to attempt to establish prejudice.

The Court of Criminal Appeals reversed the denial of the petition and remanded for further proceedings. The Court of Criminal Appeals concluded that House had proved deficient performance. The post-conviction court, however, had effectively foreclosed House's sole avenue for establishing prejudice by quashing the subpoena for the informant.

We granted this appeal to determine whether disclosure of the informant's identity, as ordered by the Court of Criminal Appeals, is required under the circumstances in this case.

## RIGHT TO DISCLOSURE OF INFORMANT'S IDENTITY

Tennessee common law recognizes the government's privilege, subject to certain limitations, to withhold from the accused the identity of a confidential informant. See Simmons v. State, 198 Tenn. 587, 281 S.W.2d 487 (1955); see generally Neil P. Cohen, Sarah Y. Sheppeard, Donald F. Paine, Tennessee Law of Evidence § 5.24 (4th ed. 2000). The privilege is based on public policy and "seeks to encourage citizens to assist in crime detection and prevention by giving information to law enforcement officials without unduly exposing themselves to the danger inherent in such laudable activity and to make possible their continued usefulness in future disclosures that the revelation of their identity would probably hamper and prevent." Roberts v. State, 489 S.W.2d 263, 264 (Tenn. Crim. App. 1972). This Court has held that a defendant has no constitutional right to require disclosure of the informant's identity, and the decision is left to the discretion of the trial court. Wallis v. State, 220 Tenn. 400, 406, 417 S.W.2d 781, 784 (1967).

Citing Roviaro v. United States, 353 U.S. 53 (1957), the Court of Criminal Appeals held in the present case that the petitioner had a "constitutional" right to disclosure of the informant's identity because the informant was a material witness to the drug transaction. In Roviaro, the United States Supreme Court held that the scope of the government's privilege to withhold from disclosure the identity of a confidential informant is limited by the privilege's underlying purpose and the fundamental requirements of fairness. Id. at 60. Under the first limitation, the privilege does not apply when revealing the contents of the communication will not tend to reveal the identity of the informant or when the identity of the informant has been disclosed to those who would have cause to resent the communication. Id. Under the fundamental fairness limitation, the privilege must give way when the disclosure of the informant's identity or of the contents of his communication "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." Id. at 60-61.

Declining to impose an absolute rule requiring disclosure, the Court stated:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Id. at 62. Applying the balancing test, the Court held that it was reversible error not to reveal the informant's identity where the informant was the sole participant, other than the accused, in the transaction and, therefore, "was the only witness in a position to amplify or contradict the testimony of government witnesses." Id. at 64.

In the subsequent case of McCray v. Illinois, 386 U.S. 300 (1967), the Court held that the defendant had no constitutional right to disclosure of the informant's identity at a preliminary hearing on probable cause. The Court described Roviaro as an exercise of the Court's supervisory jurisdiction over federal common law evidentiary privileges, "a task which is quite different, of course, from the responsibility of constitutional adjudication." 386 U.S. at 309. Despite this characterization, some courts have concluded that Roviaro established a constitutional limitation on the government's privilege to withhold an informant's identity from disclosure. See Gaines v. Hess, 662 F.2d 1364, 1368 (10th Cir. 1981) (holding that disclosure is constitutionally mandated under circumstances in which nondisclosure would deprive the defendant of his due process rights to a fundamentally fair trial); but see Phillips v. Cardwell, 482 F.2d 1348, 1349 (6th Cir. 1973) (expressing doubt that a claim under Roviaro is cognizable in a habeas corpus proceeding). Since the ruling in Roviaro could be grounded on common law evidentiary rules, there was no need to determine whether nondisclosure also violated the defendant's constitutional rights. Gaines, 662 F.2d at 1364; cf. United States v. Valenzuela-Bernal, 458 U.S. 858, 870 (1982) ("While Roviaro was not decided on the basis of constitutional claims, its subsequent affirmation in McCray v. Illinois, 386 U.S. 300, 87 S. Ct. 1056, 18 L. Ed. 2d 62 (1967), where both due process and confrontation claims were considered by the Court, suggests that Roviaro would not have been decided differently if those claims had actually been called to the Court's attention.").

We need not reach the issue of whether the right to disclosure is constitutional. We are not presented with the question of whether nondisclosure violated House's constitutional rights. Rather, the constitutional claim in this case is ineffective assistance of counsel based on counsel's failure to seek disclosure. Moreover, by pleading guilty, House waived any claims relating to the necessity of learning the informant's identity in order to prove innocence. See People v. Hobbs, 873 P.2d 1246, 1249 n.1 (Cal. 1994).

Adopting the Roviaro rule, Tennessee common law generally requires disclosure when the informant was a participant in the crime. See State v. Campbell, 549 S.W.2d 952, 954 (Tenn. 1977). In this case, the informant was a participant and the only witness who could amplify or contradict the agent's identification of House. Under these facts, there would have been a right at trial to disclosure of the informant's identity. See Roberts, 489 S.W.2d at 266 (holding reversible error where disclosure refused during cross-examination of government agent).

The State asserts, however, that there is no right to pretrial disclosure of an informant's identity to assess whether to plead guilty. House was prepared to go to trial and, in fact, did not plead guilty until the day of trial. We, therefore, cannot accept the State's argument that disclosure would have been only for the purpose of deciding whether to plead to guilty, and not in preparation for trial. Although the holding in Roviaro was based on nondisclosure at trial, the Court noted that the trial court "erred also in denying, prior to trial, petitioner's motion for a bill of particulars, insofar as it requested John Doe's identity and address." Rovario, 353 U.S. at 65 n.15 (emphasis added). Furthermore, the Court stated that "[t]he desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government

to decide." Id. at 64 (emphasis added). Based on this language, federal circuit courts have held that there is a right under Roviaro to pretrial disclosure of an informant's identity:

> From this language, as well as from the practical reality that a witness with a special relationship with the Government is not truly "available" to the defense merely because he is physically available to be called, see United States v. Torres, 845 F.2d 1165, 1170 (2d Cir. 1988), stems the right under Roviaro to information about an informant not merely so that the defense can call the informant to testify, but so that it can seek to interview him first. See United States v. Fischel, 686 F.2d 1082, 1092 n.11 (5th Cir. 1982) ("The desire for a pretrial interview constitutes a justification for disclosing an informant's address even when the government has agreed to produce the informer at trial. . . ."); United States v. Barnes, 486 F.2d [776,] 780 [(8th Cir. 1973)] (Government obligated to try to locate informant "for interview by the defendant and use as a possible witness") (emphasis added); United States v. Roberts, 388 F.2d [646,] 649 [(2d Cir. 1968)] (district court should have ordered disclosure of informant's whereabouts, if requested by defendants "in order to interview him as a potential witness") (emphasis added). As the Fifth Circuit noted in Fischel, a witness may decide not to grant an interview to a defendant, "[b]ut it is a different matter for the government to place a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness." 686 F.2d at 1092.

United States v. Saa, 859 F.2d 1067, 1074 (2d Cir. 1988). In Saa, however, the Second Circuit Court of Appeals concluded that, when safety of the informant is an issue, an in camera interview may be an appropriate third alternative to denying or ordering pretrial disclosure:

> [I]f the district judge was persuaded by the Government's assertions that [the informant] would be in danger if identified, a middle course could have been considered, such as having the Government produce [the informant] for an *in camera* meeting with defense counsel and the court. Such a middle course might have satisfied the defendants' right personally to request an interview with the informant, without jeopardizing the informant's safety. In the absence of any measure such as this, however, . . . the district court's failure to order disclosure of [the informant's] identity was error.

859 F.2d at 1074-75 (footnote omitted). An in camera interview is not appropriate unless the defendant has first met his burden of showing materiality of the informant's testimony. United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985).

We hold that, when otherwise proper, disclosure of the informant's identity may be required prior to trial to allow a defendant an adequate opportunity to prepare his defense. We further conclude that a trial court, in its discretion, may order an in camera examination of the informant as an alternative to denying or ordering pretrial disclosure. Trial courts should, however, explore whether other means of proof might obviate the informant's testimony. Cf. State v. Russell, 580 S.W.2d 793 (Tenn. Crim. App. 1978) (giving trial court discretion to examine informant in camera only upon trial court's finding, after an evidentiary hearing, that matter could not be disposed of absent informant's testimony). Having concluded that there may be a right to pretrial disclosure of the informant's identity, we must next determine whether trial counsel's failure to file a motion to compel disclosure of the informant's identity denied House his constitutional right to effective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

We review a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668 (1984). The petitioner must prove both (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defense. Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). The burden is on the petitioner to prove both prongs of the test by clear and convincing evidence. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To prove a deficiency, a petitioner must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). In Goad, the Court described the standard as follows:

> [T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations. . . . Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner.

938 S.W.2d at 369 (emphasis in original) (quoting Baxter, 523 S.W.2d at 934-35). Regarding matters of strategy and tactical choices, the Court in Goad stated:

> The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies

only if the choices are informed ones based upon adequate preparation.

Id. (citations omitted).

Applying these standards, we conclude that counsel's decision to forego filing a motion to compel disclosure of the informant's identity was not reasonable. The informant's testimony would have been highly relevant to the defense of misidentification. Notwithstanding counsel's uncertainty about whether the informant would speak with him, counsel should have sought disclosure of the informant's identity. Counsel's inaction left House with no possibility of obtaining an interview with a material witness. Moreover, the evidence preponderates against the trial court's finding that counsel's decision not to seek disclosure was a matter of strategy. Counsel testified that he was unaware of any tactical reason for not attempting to secure the informant's identity. Even though the participant/material witness exception to the government informant privilege was well-established at the time, counsel testified that he was uncertain as to whether disclosure was required. Counsel's choice was not an informed one based upon adequate preparation. See Goad, 938 S.W.2d at 369. Accordingly, House has established that counsel's failure to seek disclosure of the informant's identity constituted deficient performance. We next address the prejudice prong.

## **PREJUDICE**

For challenges to guilty pleas based on ineffective assistance of counsel, the prejudice requirement of the Strickland v. Washington test focuses on whether counsel's ineffective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In order to prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Id. The question then is whether there is a reasonable probability that House would have insisted on going to trial if his counsel had sought disclosure of the informant's identity.

In this case, factors to consider include the likelihood that House would have obtained pretrial disclosure, or at least an in camera interview and, if so, whether any information learned from the informant would have changed House's decision to plead guilty. None of this can be determined without knowing the informant's potential trial testimony. The post-conviction court quashed House's subpoena for attendance of the informant at the evidentiary hearing. We agree with the Court of Criminal Appeals that, because this action by the post-conviction court denied House the opportunity to attempt to prove prejudice, the matter must be remanded for further proceedings.

The Court of Criminal Appeals held that Tennessee Supreme Court Rule 28 § 6(C)(7) requires the State to disclose the identity of the informant in this post-conviction proceeding. We do not agree. Rule 28 § 6(C)(7) requires the State to "provide to petitioner discovery of all those items deemed discoverable under Rule 16, Tennessee Rules of Criminal Procedure, if relevant to the issues raised in the post-conviction petition" and to "provide any other disclosure required by the state or federal constitution." The identity of an informant is not an item deemed discoverable under

Tenn. R. Crim. P. 16. Likewise, irrespective of whether disclosure of an informant's identity is constitutionally mandated at trial, there is no constitutional requirement of disclosure for purposes of litigating a post-conviction claim. Cf. McCray, 386 U.S. at 309 (holding no constitutional right of disclosure at suppression hearing where the issue was not "the fundamental one of innocence or guilt"). Therefore, the State is not required to disclose the informant's identity as a matter of post-conviction discovery.

When otherwise proper, disclosure is required at trial to allow the accused the opportunity to call the informant as a witness. On post-conviction, however, prejudice may be established based on the informant's potential trial testimony without requiring disclosure of the informant's identity. We agree with the Court of Criminal Appeals that the trial court erred in denying House the opportunity to prove prejudice. We hold, however, that automatic disclosure is not the appropriate remedy.

We conclude that a two-step hearing procedure, similar to that in Russell, 580 S.W.2d 793, 794, strikes the proper balance between the public's interest in protecting an informant's confidentiality and a petitioner's interest in litigating a post-conviction claim of ineffective assistance of counsel. First, a trial court should hear evidence to determine whether testimony by the informant would be relevant. Once this threshold is met, a trial court should conduct an in camera proceeding to determine the informant's potential trial testimony. At the evidentiary hearing in this case, House established the relevance of the informant's potential trial testimony. Therefore, House has made the threshold showing necessary for an in camera proceeding.

Upon remand, the post-conviction court is directed to hold an in camera proceeding to determine the informant's potential trial testimony. The procedure for the in camera proceeding is left to the sound discretion of the post-conviction court. See generally 5 Barbara E. Bergman & Nancy Hollander, Wharton's Criminal Evidence ch. 43 (15th ed. 2000) (discussing rules and statutes regarding disclosure of informant's identity). The evidence submitted during the in camera proceeding shall be sealed and included in the record in the event of an appeal.

## CONCLUSION

We agree with the Court of Criminal Appeals that trial counsel's failure to seek disclosure of the informant's identity was deficient performance. We conclude, however, that disclosure of the informant's identity is not required in order to allow House the opportunity to prove prejudice. Upon remand, the post-conviction court is directed to conduct an in camera proceeding consistent with this opinion. We therefore affirm the Court of Criminal Appeals' judgment as modified. Costs of this appeal are taxed to the State.

_____
JANICE M. HOLDER, JUSTICE