IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 3, 2004

**CARLOS HAYNES v. STATE OF TENNESSEE**

**Direct Appeal from the Madison Court for Circuit County**
**No. C03-160     Roger A. Page, Judge**

---

**No. W2004-00081-CCA-R3-PC  - Filed August 27, 2004**

---

The petitioner, Carlos Haynes, pled guilty in the Madison County Circuit Court to one count of possession of over one-half ounce of marijuana with intent to sell and one count of possession of drug paraphernalia.  He received a total effective sentence of two years incarceration in the Tennessee Department of Correction.  Subsequently, the petitioner filed a petition for post-conviction relief, alleging that his counsel was ineffective and the trial court erred in failing to pursue the issue of the identity of the confidential informant whose tip led to the search of the petitioner's home.  After an evidentiary hearing, the post-conviction court dismissed the petition, and the petitioner now appeals.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Lowe Finney, Jackson, Tennessee, for the appellant, Carlos Haynes.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On May 24, 2001, members of the Jackson-Metro Narcotics Unit executed a search warrant at the petitioner's residence.  During the search, police discovered marijuana and scales for weighing contraband.  As a result, the petitioner was charged with possession of the marijuana and scales which were discovered during the search.  The petitioner filed a motion to suppress the fruits of the search, alleging that the search warrant failed to describe his residence in a multi-unit dwelling with

sufficient particularity. The petitioner's motion was unsuccessful. Thereafter, the petitioner pled guilty to one count of possession of over one-half ounce of marijuana with intent to sell and one count of possession of drug paraphernalia, reserving as a certified question the propriety of the search. This court affirmed the petitioner's convictions on appeal. See State v. Carlos Haynes, No. W2002-00315-CCA-R3-CD, 2002 WL 31625527, at *1 (Tenn. Crim. App. at Jackson, Nov. 6, 2002).

Subsequently, the petitioner filed for post-conviction relief, alleging various instances of ineffective assistance of counsel. The petitioner testified in his own behalf at his post-conviction hearing. He asserted that his guilty pleas should be withdrawn because "at the suppression hearing y'all violated my constitutional right to present a complete defense." The petitioner explained that the search warrant for his residence had been issued based upon information obtained from the confidential informant. The petitioner complained that because trial counsel failed to pursue the confidential informant's identity, he was therefore unable to defend against the information the confidential informant conveyed to police. The petitioner stated that the information was included in the affidavit supporting the search warrant of his home. Upon cross-examination, the petitioner admitted that when police searched his home he "told them where the marijuana was at."

The petitioner also complained that trial counsel did not attempt to discover the type controlled substance the confidential informant purchased from the petitioner days prior to the search of his home. Further, trial counsel did not discuss with the petitioner "a possible defense of misidentification, where the confidential informant might have actually been referring to another man named Carlos or someone else in that neighborhood."

Trial counsel testified that he pursued suppression of the contraband solely on the basis of the sufficiency of the description of the petitioner's property. Trial counsel explained that he decided not to pursue suppression based upon the identity of the confidential informant

> because it was based upon my research that in order to get to the confidential informant, I believe we had to show that the affidavit was reckless and that there was some falsehood made in that affidavit by the trooper. Otherwise, . . . the Court had to stick only with the evidence of the affidavit itself.

Trial counsel noted that he requested that the District Attorney General's office reveal the name of the confidential informant. However, "because the confidential informant would not be a witness at trial, I don't think it was necessary and I don't think under the law they're required to do that." Additionally, counsel recalled that the trial court ruled that counsel would not be allowed to "go into" the issue of the identity of the confidential informant. Counsel conceded that he did not appeal the court's ruling. After considering potential appellate issues, counsel appealed only the trial court's ruling regarding the sufficiency of the description of the petitioner's property.

Trial counsel asserted that the petitioner did not enter a guilty plea based upon facts relating to any purchase made by the confidential informant.[1] To the contrary, the petitioner pled guilty to possession of contraband found during the execution of the search warrant. Counsel maintained, "I didn't anticipate obviously there would be a need for the confidential informant at the time of trial since [the petitioner] pretty much admitted to me that he showed the officers where the marijuana was."

Trial counsel stated that he met with the petitioner on at least four occasions, and he and the petitioner had several telephone conversations. Counsel averred that he explained to the petitioner all of his rights and the pending charges. Counsel opined that the petitioner "knew what he was doing when he pled guilty." Specifically, counsel recalled that the petitioner's "guilty plea basically gave him no more time than what he was doing already."

Following the hearing, the post-conviction court stated that, on its face, the informant's tip in the affidavit supporting the search warrant met the Aguilar-Spinelli test. The court stated that "even if [counsel] had done something wrong here in representing [the petitioner], when you get to the second part of the test, the prejudice part, there is no prejudice here." Accordingly, the post-conviction court denied the petition for relief. On appeal, the petitioner challenges the post-conviction court's ruling. Particularly, the petitioner complains that his trial counsel failed to sufficiently pursue the identity of the confidential informant whose tip provided probable cause for the issuance of the search warrant for the petitioner's residence. Additionally, the petitioner contends that trial counsel failed to confer with him regarding a potential defense of misidentification. Finally, the petitioner maintains that the trial court erred in "not allowing an in camera hearing on the issue of the informant's identity."

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

---

[1] The affidavit supporting the search warrant stated that the confidential informant purchased marijuana from the petitioner at the petitioner's residence within twenty-four hours of the drafting of the affidavit.

In his appellate brief, the petitioner argues that "he received assistance of counsel that was deficient and prejudicial and, therefore, he entered into an unknowing, and unintelligent guilty plea." We note that while the petitioner briefly mentions that his pleas were not knowingly entered, his argument is centered mainly on the ineffectiveness of counsel. Thus, we will focus our analysis on counsel's effectiveness.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

The petitioner's chief complaint of ineffective assistance revolves around counsel's failure to pursue the identity of the confidential informant whose information provided probable cause for the issuance of a search warrant for the petitioner's residence. Generally, a confidential informant's identity is privileged. See State v. Vanderford, 980 S.W.2d 390, 395 (Tenn. Crim. App. 1997). Further, a "defendant has no constitutional right to the disclosure of a confidential informant." Id. at 396; see also House v. State, 44 S.W.3d 508, 512 (Tenn. 2001). However, this court has previously explained that

> [t]he state is required to divulge the identity of a confidential informant to the defendant when: (a) disclosure would be relevant and helpful to the defendant in presenting his defense and is essential to a fair trial, (b) the informant was a participant in the crime, (c) the informant was a witness to the crime, or (d) the informant has knowledge which is favorable to the defendant.

Vanderford, 980 S.W.2d at 397 (citations omitted).

In the instant case, the petitioner pled guilty to offenses stemming from the possession of marijuana and drug paraphernalia discovered at the time of the execution of the search warrant. The petitioner made no allegation that the confidential informant was present at the time of the execution

-4-

of the search warrant. Accordingly, there is no proof that the informant's knowledge is relevant or material to any defense. See State v. Christopher D. Lanier, No. W2001-00379-CCA-R3-CD, 2002 WL 1482712, at *5 (Tenn. Crim. App. at Jackson, Feb. 1, 2002); see also Antwain Laman Spears v. State, No. W2000-01167-CCA-R3-PC, 2001 WL 25721, at *2 (Tenn. Crim. App. at Jackson, Jan. 9, 2001). Thus, the petitioner's sole purpose in seeking the identity of the confidential informant is to challenge the search warrant. This court has repeatedly held that "a defendant is not entitled to the disclosure of a confidential informant's identity when the only purpose is to attack a search warrant." Vanderford, 980 S.W.2d at 396; see also State v. Ash, 729 S.W.2d 275, 278 (Tenn. Crim. App. 1986). Based upon the foregoing, we conclude that, because the petitioner was not entitled to learn the identity of the confidential informant, he was not prejudiced by counsel's failure to seek the informant's identity. As the petitioner has failed to prove prejudice, we need not examine any alleged deficiency on the part of counsel.

In connection with this issue, the petitioner contends that "[t]he trial and post-conviction courts erred by not allowing an in camera hearing on the issue of the informant's identity." In House, 44 S.W.3d at 515, our supreme court explained that under certain limited circumstances, an in camera hearing may be held at a trial court's discretion "as an alternative to denying or ordering pretrial disclosure" of an informant's identity. However, the supreme court clearly cautioned that "[a]n in camera interview is not appropriate unless the defendant has first met his burden of showing the materiality of the informant's testimony." Id. at 514. As we stated earlier, the petitioner failed to prove that any testimony by the confidential informant was relevant to the charges to which he pled guilty. Accordingly, neither the trial court nor the post-conviction court erred by failing to hold such a hearing.

In further support of his contention that counsel was ineffective, the petitioner claims that counsel "failed to discuss with [him] any possible defense of misidentification or the possibility that the confidential informant may have been referring to another person with [his] name or anyone else in [the petitioner's] neighborhood." Counsel testified at the post-conviction hearing that he met with the petitioner several times. During those meetings, counsel explained the petitioner's rights and the charges he was facing. There was no proof adduced to support a defense of misidentification. Accordingly, the petitioner has failed to show by clear and convincing evidence that he was prejudiced by any alleged deficiency by counsel.

Finally, we note that the petitioner argues that his guilty pleas were not knowingly and voluntarily entered due to the ineffectiveness of counsel. We have concluded, *supra*, that counsel was not ineffective. Moreover, counsel, whose testimony was credited by the post-conviction court, testified that the petitioner "knew what he was doing" when he entered his guilty pleas. Ergo, there is nothing in the record to support the petitioner's claim that his pleas were not knowingly and voluntarily entered.

### III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE