FILED

10/30/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 19, 2018

## DEAUNDRA DONNELL SMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-B-2006    Monte Watkins, Judge**

———————————————————

**No. M2018-00088-CCA-R3-PC**

———————————————————

Petitioner, Deaundra Donnell Smith, sought post-conviction relief on the basis of ineffective assistance of counsel after his convictions for felony murder and especially aggravated robbery were affirmed on direct appeal. The post-conviction court denied relief, finding that Petitioner failed to prove his allegations by clear and convincing evidence. For the following reasons, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Elaine Heard Cutherbertson, Nashville, Tennessee, for the appellant, Deaundra Donnell Smith.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Glenn R. Funk, District Attorney General; and Deborah Housel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Over eleven years ago, Petitioner participated in the robbing and killing of Corey Sanders. He was convicted by a Davidson County jury of first degree felony murder and especially aggravated robbery. He was sentenced to concurrent sentences of life and twenty years. *State v. Deaundra Donnell Smith*, No. M2013-02247-CCA-R3-CD, 2015 WL 3540511, at *1 (Tenn. Crim. App. June 5, 2015), *no perm. app. filed*. On direct appeal, Petitioner challenged the trial court's refusal to grant a mistrial based on the

State's alleged failure to disclose exculpatory evidence, the trial court's refusal to admit evidence of a text message between codefendants, and the evidence as insufficient. *Id.* This Court affirmed the judgments of the trial court. *Id.* at *24. Petitioner filed a timely pro se petition for post-conviction relief alleging ineffective assistance of counsel. Counsel was appointed and an amended petition was filed. In the amended petition, several allegations of ineffective assistance of counsel were listed, including: (1) trial counsel's failure to consult with Petitioner at all stages of the criminal process; (2) trial counsel's failure to call certain defense witnesses; (3) trial counsel's failure to secure or communicate a plea offer; and (4) trial counsel's failure to effectively formulate and execute a defense.

*Post-Conviction Hearing*

At the post-conviction hearing, Petitioner explained that he had been incarcerated for approximately ten years for the convictions of felony murder and especially aggravated robbery. Trial counsel was not his first attorney and was appointed to represent him three or four months prior to the start of the trial. Petitioner admitted that he had three attorneys prior to the appointment of trial counsel. Petitioner explained that his desire was for trial counsel to file a motion to continue the case based on the fact that trial counsel had been appointed in close proximity to the trial. Petitioner did not "know anything" about the State's proof and "didn't feel that [he and trial counsel] were ready" for trial. Petitioner did not think trial counsel filed the motion. Petitioner recalled meeting with trial counsel the week prior to trial.

With respect to the review of the discovery materials, Petitioner insisted that he "pretty much asked for everything, but [he] didn't get anything" from trial counsel. In fact, Petitioner stated that trial counsel did not go over the discovery materials with him and that there was "basically . . . maybe one meeting where [trial counsel] was saying that well, you got a couple of people testifying against you and that we were going to trial." Petitioner claimed that he was not "comfortable" with going to trial. According to Petitioner, he did not see any statements from people testifying against him prior to trial and was unaware of the identity of the people testifying against him until trial when he realized that all of his "charge partners" were testifying against him. Petitioner stated that trial counsel failed to discuss cell phone tower ping evidence or GPS evidence with him prior to trial.

Petitioner professed that he asked trial counsel to secure a plea deal and/or to talk to the charge partners to see if they would testify for Petitioner. In Petitioner's words, these requests "fell on deaf ears." Petitioner asked trial counsel to find and talk to a witness named Felix Riley, but trial counsel informed him that he was unable to locate this potential witness. Petitioner asserted that both Mr. Riley and two of the charge

partners could have served as alibi witnesses, but trial counsel never filed a notice of an alibi or called these witnesses to testify at trial. Petitioner avowed that he was not present at the time of the crime. Instead, he claimed that someone else had his phone. If he had known about and understood the GPS information, Petitioner would have insisted on pursing an alibi defense. Petitioner said it "would've been nice" if trial counsel filed a motion to suppress the phone records.

Petitioner was aware that he had the right to testify and acknowledged that trial counsel advised against it. However, Petitioner testified at trial because he "felt like [he] had to get up and just tell [his] side" because "evidence was just getting sprung up."

Petitioner actually asked trial counsel to withdraw because he felt like he "wasn't ready" for trial and did not "feel right about it." Trial counsel never filed a motion to withdraw. In retrospect, Petitioner thought that trial counsel could have done a "better investigation" or hired an investigator because "it is [his] life" that was at stake during trial. Petitioner maintained that during the direct appeal, he sent a "couple of things" to trial counsel to file. According to Petitioner, trial counsel did not pursue these items or file these "things" with the court.

Trial counsel explained that he was appointed to represent Petitioner shortly before trial. Trial counsel was employed by the Public Defender's Office. Trial counsel recalled meeting with Petitioner several times via videoconference and several times in person prior to trial, most likely at "Charles Bass." Trial counsel did not have a vivid independent memory of his specific meetings with Petitioner. Trial counsel admitted he "may not have filed a motion" for a continuance but that he recalled "a conversation" with the court about the trial date. Trial counsel admitted that there was a "short timeline" and there were "hours and hours and hours of witness" statements to go over prior to trial. Trial counsel claimed that the detective in the case did a "tremendous" amount of investigation so there was a lot of discovery to review prior to trial, including phone records. Trial counsel admitted that he was not extremely familiar with GPS technology but explained that the theory at trial was that Petitioner was not in possession of his phone at the time of the crime.

Trial counsel explained that Petitioner was aware of the potential witness testimony and the defense strategy painting one of the codefendants as the puppet master who orchestrated the crime. Trial counsel was unable to talk to any of the codefendants prior to trial because their lawyers would not allow it. Trial counsel called two witnesses suggested by Petitioner. Trial counsel recalled that the trial lasted for eight days. He felt that the defense theory was adequately presented to the jury but that the jury did not reach a decision favorable to Petitioner.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In a written order, the post-conviction court found that Petitioner claimed trial counsel failed to communicate the nature and consequences of trial decisions and failed to call certain defense witnesses. In contrast, the post-conviction court noted trial counsel's testimony indicated that witnesses and cross-examination aligned with trial strategy and that Petitioner was informed of the nature of the charges against him, the evidence against him, and the likelihood of conviction. The post-conviction court determined that Petitioner's testimony was not credible. Thus, the post-conviction court concluded that Petitioner failed to demonstrate by clear and convincing evidence that counsel was ineffective, denied relief, and dismissed the petition.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner argues that trial counsel's "repeated failures constituted ineffective assistance of counsel." Specifically, Petitioner insists that the failure to request a continuance, call witnesses to establish Petitioner's location on the night of the crime, learn about GPS technology and/or withdraw from representation combined to amount to ineffective assistance of counsel. The State disagrees.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective

assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999); *see also Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369).

At the post-conviction hearing, Petitioner complained that trial counsel was appointed in close proximity to the trial date and did not file a motion for a continuance. Trial counsel acknowledged that he did not file a written motion, but claimed that he had a "conversation" with the trial court about a continuance with the knowledge that any request would likely be denied because he was Petitioner's fourth attorney and the case had already been set for trial. The record reflects that trial counsel actually asked for a continuance and that it was denied. We cannot find ineffective assistance of counsel based on the failure to file a written motion when counsel's oral motion was heard and denied. *See Jamar McField v. State*, No. E2013-02434-CCA-R3-PC, 2014 WL 3893366, at *6 (Tenn. Crim. App. Aug. 11, 2014), *perm. app. denied* (Tenn. Dec. 16, 2014). Petitioner has failed to prove by clear and convincing evidence that counsel was ineffective in this regard.

Petitioner also took issue with trial counsel's failure to call alibi witnesses. However, Petitioner failed to present any alibi witnesses at the post-conviction hearing. When a post-conviction petitioner asks for relief based on trial counsel's failure to call a witness in his defense at trial, the petitioner must present that witness at the post-conviction hearing. *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008). Petitioner failed to prove any deficiency or prejudice by clear and convincing evidence.

Petitioner also took issue with trial counsel's failure to learn about GPS technology. Trial counsel admitted at the hearing that he did not fully understand the cell phone technology used at trial but explained that the trial strategy was to explain Petitioner was not in possession of his phone at the time of the victim's death and, therefore, any additional knowledge of cell phone GPS technology was irrelevant. This was a strategic decision based on trial counsel's defense. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 690-91). Petitioner failed to show how this trial strategy resulted in prejudice.

Lastly, Petitioner takes issue with trial counsel's failure to withdraw from representation. Petitioner testified at the hearing that he asked trial counsel to withdraw but that counsel never filed a motion to do so. The post-conviction court did not find Petitioner's testimony credible. The post-conviction court resolves any questions concerning witness credibility, and we may not substitute our own inferences for those drawn by the post-conviction court. *Honeycutt*, 54 S.W.3d at 766-67. Moreover, Petitioner did not provide any additional proof that he asked trial counsel to withdraw or that trial counsel's failure to do so resulted in prejudice.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE