IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 8, 2021

**JOHNNY LEE JENKINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 17-00858    Glenn Ivy Wright, Judge

_____

**No. W2021-00032-CCA-R3-PC**
_____

The Petitioner, Johnny Lee Jenkins, was convicted of voluntary manslaughter, attempted voluntary manslaughter, and two counts of employing a firearm during the commission of a dangerous felony. One of the counts of employing a firearm during the commission of a dangerous felony was dismissed after the Petitioner filed a motion for new trial, and this court reversed and vacated the voluntary manslaughter conviction on direct appeal and remanded the case for entry of corrected judgments to reflect a conviction for reckless homicide. On appeal, the Petitioner asserts that he received ineffective assistance of counsel, specifically contending that trial counsel failed to argue the inclusion of lesser-included offenses. Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Rosalind E. Brown, Memphis, Tennessee, for the Petitioner, Johnny Lee Jenkins.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

A Shelby County grand jury indicted the Petitioner for second degree murder (Count 1), employing a firearm during the commission of a dangerous felony as related to Count 1 (Count 2), attempted second degree murder (Count 3), and employing a firearm during the commission of a dangerous felony as related to Count 3 (Count 4). State v. Johnny

Jenkins, No. W2017-02222-CCA-R3-CD, 2019 WL 911151, at *1 (Tenn. Crim. App. Feb. 15, 2019), perm. app. denied (Tenn. June 20, 2019). The indictment stemmed from the December 26, 2014 shooting death of Felisha Pitman. Id. While at a house party, the Petitioner got into an altercation with Trenall Hughes, a guest at the party. Id. As the altercation escalated, the Petitioner pulled a gun from his boot, "aiming the gun at [] Hughes, firing through a wall, and shooting [] Pitman in the head, resulting in her death." Id. Following a trial, the Petitioner was convicted of voluntary manslaughter for the death of Pitman in Count 1 and employing a firearm during the commission of the same in Count 2. In Counts 3 and 4, the jury convicted the Petitioner of attempted voluntary manslaughter and employing a firearm during the same for his actions against Hughes. The trial court imposed an effective ten-year sentence for the four convictions. Id. at *4. The Defendant filed a motion for new trial, resulting in the trial court dismissing Count 2. Id. On direct appeal, this court affirmed the Defendant's convictions in Counts 3 and 4 but vacated his conviction in Count 1, instead imposing a conviction for the lesser-included offense of reckless homicide. Id. at *10. This court also remanded the case for a sentencing hearing for the reckless homicide conviction. Id. On November 5, 2019, the Petitioner filed a pro se petition for post-conviction relief, which was amended by appointed counsel on August 26, 2020.

**Post-Conviction Hearing**. At the October 15, 2020 post-conviction hearing, trial counsel testified that he filed a motion for new trial but could not recall whether he had argued it. Trial counsel affirmed that he requested the trial court to instruct the jury on lesser-included offenses of second degree murder, but he did not remember if he had done so for attempted second degree murder. Trial counsel remembered that the Defendant had "fired [a gun] into a wall[,]" and his defense was that "he did not intend to take the life of anyone else." Trial counsel testified that he was "aware that felony reckless endangerment could be a lesser[-]included offenses to second degree attempted murder[,]" but he did not recall whether he had asked the trial court for jury instructions on reckless endangerment or whether he had argued reckless endangerment in his motion for new trial.

On cross-examination, trial counsel explained that it was his customary practice to file "stock motions" in all of his cases, including the request for lesser-included offenses. He clarified that just because he requested a lesser-included offense before trial did not mean that it was appropriate for him to request the offense after the facts were adduced a trial. He agreed that the distinction between misdemeanor reckless endangerment, the lesser-included offense of attempted second degree murder, and felony reckless endangerment was the use of a deadly weapon. Trial counsel testified that he had practiced law for 43 years and had handled "hundreds" of "serious A and B felony trials[.]" He agreed that this court had addressed the lesser-included misdemeanor reckless endangerment issue on direct appeal.

On redirect examination, trial counsel testified that he did not recall whether he had amended his motions for lesser-included offenses at the trial's conclusion. On recross-examination, trial counsel affirmed that he would not have objected to a previously requested lesser-included offense being omitted from the jury instructions if the proof at trial had not supported such an instruction.

On December 14, 2020, the post-conviction court entered a written order denying the Petitioner's petition for post-conviction relief. In the order, the post-conviction court found that trial counsel had not provided ineffective assistance by failing to argue for misdemeanor reckless endangerment as a lesser-included offense of attempted second degree murder and felony reckless endangerment as a lesser-included offense of second degree murder. The post-conviction court explained that this court had already addressed the misdemeanor reckless endangerment issue, again noting that the Defendant's actions did not constitute misdemeanor reckless endangerment because he had undisputedly fired a firearm. The post-conviction court also noted that trial counsel could not have requested felony reckless endangerment as a lesser-included offense of second degree murder because it is not a lesser-included offense. The Petitioner filed a timely notice of appeal on January 6, 2021.

## ANALYSIS

On appeal, the Petitioner contends that trial counsel was ineffective for failing to request reckless endangerment as a lesser-included offense of second degree murder[1] and failing to renew his objection to or include in his motion for new trial the omission of misdemeanor reckless endangerment as a lesser-included offense of attempted second degree murder. The State responds that the post-conviction court properly determined that the Petitioner was not entitled to relief on his claims of ineffective assistance of counsel. We agree with the State.

A claim for post-conviction relief based on alleged ineffective assistance of counsel presents a mixed question of law and fact. Mobley v. State, 397 S.W.3d 70, 80 (Tenn. 2013) (citing Calvert v. State, 342 S.W.3d 477, 485 (Tenn. 2011)). This court reviews "a post-conviction court's conclusions of law, decisions involving mixed questions of law and

---

[1] Based on his appellate brief, it is unclear whether the Petitioner intended to argue that trial counsel should have requested misdemeanor reckless endangerment or felony reckless endangerment as a lesser-included offense of second degree murder. With respect to Count 1, the Petitioner only argues that "[r]eckless endangerment was an option available to be charged for Count 1[,] and trial counsel could have sought to have it as an instruction for the jury." Because the Petitioner's brief cites TPI 7.05(a), stating that "[l]essors [of second degree murder] may or may not include . . . Reckless Endangerment (A. misd.)," and State v. Lia Bonds, W2006-019430-CCA-R3-CD, 2007 WL 3254711, at *1 (Tenn. Crim. App. Nov. 2, 2007), perm. app. denied (Tenn. Apr. 14, 2008), for the supposition that misdemeanor reckless endangerment is a lesser-included offense of second degree murder, we address the argument that trial counsel should have requested misdemeanor reckless endangerment as a lesser-included offense of second degree murder.

- 3 -

fact, and its application of law to its factual findings de novo without a presumption of correctness." Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Calvert, 342 S.W.3d at 485). However, a post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. Calvert, 342 S.W.3d at 485 (citing Grindstaff, 297 S.W.3d at 216; State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999)). "Accordingly, appellate courts are not free to re-weigh or re-evaluate the evidence, nor are they free to substitute their own inferences for those drawn by the post-conviction court." Whitehead, 402 S.W.3d at 621 (citing State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001)). "As a general matter, appellate courts must defer to a post-conviction court's findings with regard to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." Id. (citing Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999)).

The right to effective assistance of counsel is protected by the United States Constitution and the Tennessee Constitution. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad, 938 S.W.2d at 370.

In assessing an attorney's performance, we "must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462 (citing Strickland, 466 U.S. at 689). In addition, we must avoid the "distorting effects of hindsight" and must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. 689-90. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Id. at 688-89. However, "'deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting Goad, 938 S.W.2d at 369).

While this court previously analyzed this issue based on a plain error analysis on direct appeal, we are charged with determining whether trial counsel's failure to object to the trial court's decision to omit the misdemeanor reckless endangerment instruction and failure to request the misdemeanor reckless endangerment instruction as a lesser-included offense of second degree murder constituted ineffective assistance of counsel. See Aldrick D. Lillard v. State, No. M2011-01380-CCA-R3-PC, 2012 WL 4479275, at *13 (Tenn. Crim. App. Sept. 27, 2012). Following the evidentiary hearing, the post-conviction court denied post-conviction relief. As we will explain, the record supports the post-conviction court's denial of relief in this case.

We note that "'when determining whether an erroneous failure to instruct on a lesser-included offense requires reversal, . . . the proper inquiry for an appellate court is whether the error is harmless beyond a reasonable doubt.'" State v. Davis, 266 S.W.3d 896, 903 (Tenn. 2008) (quoting State v. Ely, 48 S.W.3d 710, 727 (Tenn. 2001)). This court has recognized two approaches for deciding whether a trial court's failure to charge a lesser-included offense is harmless error, and these two approaches guide us in determining whether the Petitioner was prejudiced by trial counsel's failure to request a lesser included offense. The first approach, which is inapplicable to this case, states that a Petitioner would be unable to prove that he was prejudiced by trial counsel's failure to request a lesser included offense if the jury considered and rejected an "intermediate" or "buffer" offense between the offense the Petitioner argues should have been charged and the charge of which he was convicted:

> The first approach is implicated where the trial court instructs the jury as to the charged offense as well as other lesser-included offenses thereof but does not instruct the jury regarding all of the lesser-included offenses supported by the evidence. When the jury convicts the defendant of the greater charged offense rather than the lesser-included offense or offenses, the jury necessarily rejects all of the other lesser offenses. State v. Locke, 90 S.W.3d at 672; State v. Allen, 69 S.W.3d at 191; State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998). Where one of the charged but rejected lesser-included offenses is an intermediate or buffer offense standing between the errantly omitted lesser-included offense and the offense for which the defendant was convicted, the charging error is shown to be harmless beyond a reasonable doubt. State v. Locke, 90 S.W.3d at 675; State v. Allen, 69 S.W.3d at 190.

State v. Banks, 271 S.W.3d 90, 126 (Tenn. 2008); accord Allen, 69 S.W.3d at 189; State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998); Ydale Banks v. State, No. W2010-01610-CCA-R3-PC, 2012 WL 1067201, at *13 (Tenn. Crim. App. Mar. 27, 2012). Because the Petitioner was indicted for second degree murder and attempted second degree murder and

convicted of the lesser-included offenses of voluntary manslaughter and attempted voluntary manslaughter, this approach is inapplicable to the instant case.

The second approach, which is applicable to this case, "requires the reviewing court to consider the evidence and then to decide 'whether a reasonable jury would have convicted the defendant of the lesser-included offense instead of the charged offense.'" Banks, 271 S.W.3d at 126 (quoting State v. Richmond, 90 S.W.3d 648, 662 (Tenn. 2002)). Under this view, the failure of a court to charge the lesser-included offense is harmless beyond a reasonable doubt if "[i]f no reasonable jury would have convicted the defendant of the uncharged lesser-included offense rather than the offense for which the defendant was convicted." Id. (citing State v. Locke, 90 S.W.3d 663, 675 (Tenn. 2002)).

We have reviewed the record and conclude that the Petitioner has failed to demonstrate deficient performance or prejudice based on trial counsel's failure to request lesser-included offenses. With respect to the misdemeanor reckless endangerment instruction for attempted second degree murder, as noted by this court on direct appeal, the Petitioner's actions did not constitute misdemeanor reckless endangerment because the Petitioner undisputedly fired a firearm. As this court noted on direct appeal, "Sufficient evidence exists in the record to show the defendant used a gun during his crimes and to support the jury's finding of adequate provocation prior to the same. Accordingly, it is unlikely the jury would have considered misdemeanor reckless endangerment as a viable outcome." Johnny Jenkins, 2019 WL 911151, at *9. Thus, trial counsel's decision not to renew his request for misdemeanor reckless endangerment as a less-included offense of attempted second degree murder did not prejudice the Petitioner or demonstrate deficient performance. Trial counsel testified that he made a strategic decision not to renew the objection because the facts that were adduced at trial did not support a misdemeanor reckless endangerment conviction. Nothing in the record suggests that had trial counsel renewed his request, a reasonable jury would have convicted him of such. As noted, it was undisputed that the Petitioner fired a firearm, thereby making misdemeanor reckless endangerment an irrelevant instruction. With respect to requesting a misdemeanor reckless endangerment instruction as a lesser-included offense of second degree murder, we again conclude that any failure to request such an instruction was harmless. The evidence at trial was undisputed that the victim's death was a result of the Petitioner firing a firearm and striking her in the head. Again, nothing in the record suggests that a reasonable jury would have convicted the Petitioner of misdemeanor reckless endangerment given the facts that were adduced at trial. The Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE