IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 6, 2015

## JOSHUA BISHOP v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 11-05560     Lee V. Coffee, Judge**

**No. W2014-00509-CCA-R3-PC  - Filed February 25, 2015**

The petitioner, Joshua Bishop, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that his guilty plea was knowing and voluntary.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Joshua Bishop.

Herbert H. Slatery, III, Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Lessie Rainey, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant and two co-defendants, Darrian White and Quintarius Hammonds, were indicted for aggravated robbery, a Class B felony.  On December 14, 2012, the petitioner pled guilty as charged to aggravated robbery.  Pursuant to the terms of his negotiated plea agreement, the petitioner was sentenced as a Range I, standard offender to eight years at 85%.

At the guilty plea hearing, the prosecutor recited the factual basis for the plea:

[H]ad the case gone to trial, the State submits that the proof would have shown

that on November 15th, the victim in this case, Mr. Vincent Matthews, was inside a vehicle talking to his wife on his phone when several male blacks approached and asked him to use his phone. He allowed two of the three individuals to use his phone, after which point, all three of them pulled handguns on him and told him to get out of the truck before they shot him.

He did get out of the vehicle, was hit in the head by two of the three males with a handgun. He was treated but not transported to The Med, and the [petitioner] was actually apprehended shortly thereafter, running away from the vehicle in a nearby apartment complex.

At that time, he did come [d]owntown to give a statement to being present when this happened, and then Mr. Darrian (phonetics) White and Mr. Hammonds were later arrested and have also already pled and been voir dired as to their involvement.

On July 31, 2013, the petitioner filed a *pro se* petition for post-conviction relief in which he raised claims of ineffective assistance of counsel and an unknowing and involuntary guilty plea. Post-conviction counsel was appointed, and an amended petition was filed on September 18, 2013, in which the petitioner alleged that his trial counsel was deficient in his representation because he failed to investigate the petitioner's case and failed to fully advise the petitioner of his rights and the consequences of his guilty plea.

At the evidentiary hearing, trial counsel testified that he had been practicing law for over ten years and that 98% of his practice involved criminal defense. He was appointed to represent the petitioner in criminal court after his case was transferred from juvenile court. After the petitioner was released on bond, counsel instructed him to make an appointment and come to his office to discuss his statement because the petitioner had told him that his statement was coerced. However, the petitioner never came to counsel's office to discuss the statement, and counsel had no basis to file a motion to suppress it. Counsel said that the statement was favorable to the petitioner in that "it didn't put the gun in his hand," but unfavorable in that it put him at the scene as an active participant and recipient of the proceeds from the robbery. Counsel said that he wrote letters to the petitioner but received no response and that he tried calling the petitioner, but his number was "no good." Counsel then discovered that the petitioner had been arrested on another charge and was in jail. Counsel met with the petitioner at the jail, and the petitioner said that he wanted to proceed to trial although counsel advised him that was not "a wise decision." On the day of trial, after meeting with his family, the petitioner informed counsel that he wished to plead guilty and accept the State's offer of eight years.

Trial counsel said that his original strategy had been "to align [the petitioner] to testify against a co-defendant in hopes of a better deal." However, when it became apparent that the co-defendants were going to plead guilty and testify against the petitioner, counsel tried to convince the prosecutor that the petitioner "was only a facilitator, that he wasn't an active participant in the robbery." The State offered the petitioner 7.2 years, which he rejected.

On cross-examination, trial counsel said that he recommended that the petitioner plead guilty based on his review of the petitioner's statement, a co-defendant's statement implicating the petitioner, and the fact that the co-defendants had pled guilty and were willing to testify against the petitioner, all of which was a "mountain of evidence" against the petitioner. However, it was ultimately the petitioner's decision to plead guilty. He denied coercing the petitioner into pleading guilty and said he was prepared to go to trial.

The twenty-year-old petitioner testified that he was seventeen when he was arrested for the instant offense and that he had been "in trouble" in juvenile court several times prior to that. He acknowledged reviewing the discovery packet he received from trial counsel, which included his statement to the police. He said that he and counsel never discussed whether the statement was given freely and voluntarily. The petitioner said he told the police he did not want to talk to them but admitted he signed a waiver of rights form. Asked if he told the police the truth when he said he was at the scene of the robbery, the petitioner responded, "I said what I said because I was scared."

The petitioner denied receiving any letters or phone calls from trial counsel. He said that the offer of 7.2 years was never conveyed to him. He said that counsel told him if he proceeded to trial, the State would indict him for some old charges that had been dismissed. The petitioner said he thought he could be sentenced to more than twelve years because he "didn't know nothing about the system." He said he accepted the eight-year offer because he thought he could be sentenced to as much as thirty years.

On cross-examination, the petitioner said that he did not answer the court's questions truthfully during the guilty plea hearing because he was "scared" and "didn't even know nothing about the system then."

At the conclusion of the hearing, the post-conviction court denied the petition, followed by a written order entered on February 24, 2014. Among other things, the court found that trial counsel properly investigated the petitioner's case and was prepared for trial, that the petitioner's testimony at the hearing was discredited "because he's told the Court that he's comfortable with lying under oath to a judge," and that the petitioner's guilty plea was "a product of what he wanted to do." Accordingly, the court concluded that the petitioner's guilty plea was freely, knowingly, and intelligently entered. Thereafter, the petitioner filed

a timely appeal to this court.

## ANALYSIS

On appeal, the petitioner contends that the post-conviction court erred in finding that his guilty plea was knowing and voluntary, arguing that "he was not adequately informed of the possible legal issues in his case, nor did he understand the possible punishment before he entered a guilty plea."

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984). The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he or she would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that

the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 553 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against the defendant and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

In its written order, the post-conviction court determined:

> This court finds that the [petitioner's] statements at the evidentiary hearing are not credible. The guilty plea colloquy clearly indicates that the trial court asked the [petitioner] several times whether anyone had threatened or promised the [p]etitioner anything to make him enter his guilty plea. The [p]etitioner repeatedly assured the trial court that he was freely and voluntarily waiving his rights to a jury trial. The petitioner's stance on his post-conviction testimony is inconsistent and contradictory with his testimony when he entered his guilty plea before the trial court. This post-conviction court takes notice of the discrepancy in the [p]etitioner's various positions. This court finds that the petitioner's testimony at the evidentiary hearing is not truthful and is inconsistent with this testimony at the guilty plea submission hearing.
>
> . . . .
>
> . . . The Court finds that trial counsel provided the petitioner with highly effective representation. . . . This [p]etitioner intelligently and knowingly waived his constitutional rights and entered a guilty plea to avoid greater punishment after trial. This [p]etitioner was involved in an aggravated robbery with two (2) other co-defendants. After being arrested, the [p]etitioner gave a very detailed confession about the commission of this crime. An

independent witness and two (2) cooperating co-defendants were prepared to testify against the [p]etitioner at trial. The proof in this case was overwhelming. Trial counsel was unable to negotiate a settlement to a lesser charge. This Court finds the [p]etitioner's allegations are not well-taken and are without merit.

In his testimony, the petitioner acknowledged he was not a newcomer to the criminal justice system, admitting that he had been "in trouble" in juvenile court on several prior occasions. Assessing the conflicting testimony of the petitioner and trial counsel, the post-conviction court accredited counsel, concluding that the petitioner was "not credible." The record supports this conclusion, and, thus, the post-conviction court's determinations that the petitioner failed to show either that his guilty plea was unknowing and involuntary or that counsel had been ineffective. We conclude, as did the post-conviction court, that the petition for post-conviction relief is without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
ALAN E. GLENN, JUDGE

-6-