IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 05, 2015

**JUSTIN DEWAYNE ROGERS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Tipton County**
**No. 6159     Joe H. Walker III, Judge**

———————————

**No. W2014-01460-CCA-R3-PC  - Filed May 27, 2015**

———————————

A Tipton County jury convicted the Petitioner, Justin DeWayne Rogers, of rape of a child, a Class A felony, and the trial court sentenced him to twenty-five years in the Department of Correction. The Petitioner appealed and this Court affirmed the conviction. *State v. Justin DeWayne Rogers*, No. W2009-00982-CCA-R3-CD, 2010 WL 4812776, at *1 (Tenn. Crim. App., at Jackson, Nov. 19, 2010). Thereafter, the Petitioner filed a petition for post-conviction relief, and after a hearing, the post-conviction court issued an order dismissing the petition. On appeal, the Petitioner maintains that he received the ineffective assistance of counsel. After a thorough review of the record and relevant law, we affirm the post-conviction court's judgment.

**Tenn. R. App. P 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Richard McFall, Covington, Tennessee, for the appellant, Justin Dewayne Rogers.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Mike Dunavant, District Attorney General; and Jason R. Pyner, Assistant District Attorney General for the appellee, State of Tennessee

**OPINION**

**I. Facts**

A Tipton County grand jury indicted the Petitioner for rape of a child. This Court

summarized the facts presented at trial as follows:

> The facts underlying this case involve the [Petitioner] leading the four-year-old victim to the woods, where he bribed him with a pocket knife and broken cigarette lighter to take down his pants before he anally penetrated him with his penis. The victim's mother testified that she was the girlfriend of the [Petitioner]'s father. She said that the [Petitioner] was visiting them on the weekend of September 5, 2008, when he took the victim outside to play. When the victim returned he began experiencing trouble with his bowels, characterized by an inability to control his bowel movements. The victim also complained of pain in his "booty."
>
> The victim was taken to the hospital in Covington, Tennessee and later referred to the Memphis Sexual Assault Resource Center where he was interviewed and examined. The victim told the nurse practitioner in Memphis that he had been anally penetrated, but his examination revealed no findings to confirm or deny the anal penetration.
>
> A detective with the Tipton County Sheriff's office interviewed the [Petitioner] on September 11, 2008. The [Petitioner] waived his rights and made a statement. He told the detective that he took the victim to the woods, bribed him to take down his pants, and anally penetrated the child with his penis.

*Rogers*, 2010 WL 4812776, at \*1. After hearing the evidence, the jury convicted the Petitioner of rape of a child, and the trial court sentenced the Petitioner to serve twenty-five years in the Department of Correction. The Petitioner appealed his conviction, which was affirmed. *Id*.

On November 1, 2011, the Petitioner filed a post-conviction petition claiming that he had received the ineffective assistance of counsel because his attorney ("Counsel") failed to file a motion to suppress the Petitioner's taped confession. The post-conviction court appointed the Petitioner an attorney and held a hearing on July 8, 2014.[1] At the hearing, the post-conviction court admitted the trial transcript into evidence.

Counsel testified that he did not file a motion for discovery in this case because a

---

[1] In March 2012, the trial court granted the Petitioner a delayed appeal of his conviction and stayed the post-conviction proceedings. Our Supreme Court denied the Petitioner's Rule 11 application for permission to appeal on August 16, 2012, after which the post-conviction proceeding continued.

waiver of the preliminary hearing was given in exchange for discovery from the State. In preparation for trial, Counsel interviewed the Petitioner extensively, and he also interviewed the Petitioner's mother. He said that he unsuccessfully attempted to interview the victim's mother. Counsel recalled that the Petitioner did not offer an alibi or any explanation as to his admission to the police. Counsel stated that he requested a mental evaluation of the Petitioner and hired an expert witness, Dr. Hutson, as a defense expert. Counsel stated that he did not hire an expert in the field of sexual abuse but, in hindsight, believed this type of expert witness would have been helpful.

Counsel testified that he filed an appeal on the Petitioner's behalf raising the issue of whether the Petitioner's rights under the Confrontation Clause were infringed upon. The appeal was denied, and Counsel acknowledged that he failed to timely file a Rule 11 application to the supreme court.

Counsel testified that he filed a motion on the day of trial seeking to suppress the Petitioner's second, third, and fourth recorded statements. He explained that the reason he filed the suppression motion on the day of trial was because he did not receive the recordings of these statements, recorded on September 15 and 17, 2008, until within days of the trial. He conducted legal research on the applicable law and filed the motion to suppress as quickly as he could given the late receipt of the recordings. Counsel stated that he did not file a motion to suppress the Petitioner's first taped confession, given on September 11, 2008, because he did not identify legal grounds to suppress the recording.

Counsel could not recall the exact amount of time he spent with the Petitioner in preparation for trial but confirmed that he had reviewed the discovery with the Petitioner.

On cross-examination, Counsel stated that, in preparation for trial, he discussed the strategies and defenses with the Petitioner. He said that the "biggest issue" in the case was the Petitioner's confession to police, and he characterized the State's evidence against the Petitioner as "very strong." Counsel recalled that the Petitioner did not offer an alibi or any explanation for his admission to the police. Counsel stated that this was, in part, why he requested a mental evaluation of the Petitioner and hired an expert witness, Dr. Hutson, to evaluate the Petitioner's competency.

Counsel explained that he did not file the Rule 11 application on the Petitioner's behalf because he quit working at the Public Defender's office around the time that the Court of Criminal Appeals issued its opinion denying relief and therefore was unaware that the opinion had been issued. He confirmed that the Petitioner was subsequently granted a delayed appeal, which was ultimately denied.

3

The Petitioner testified that he was denied the effective assistance of counsel. He said that Counsel failed to spend adequate time preparing for trial in this case. The Petitioner said that he sent "several" letters to Counsel while the case was ongoing and that Counsel never responded. The Petitioner denied that Counsel ever reviewed discovery with him or advised him of possible defenses. He said that he provided Counsel's investigator with the names of possible alibi witnesses.

The Petitioner testified that his statements made while in custody on September 11, 15, and 17, 2008, should have been suppressed. He stated that the statements given on September 15 and 17 were made without his lawyer being present. As to his initial statement to police on September 11, 2008, he stated that he was coerced into giving the statement. The Petitioner said that Counsel never filed a motion to suppress the September 11, 2008 statement.

On cross-examination, the Petitioner stated that Counsel was ineffective because he did not "put no footwork in." The Petitioner said that he provided his sister, "Cassie," his cousin, Shelby Haviland, and the victim's brother, Aaron Dubok, as potential alibi witnesses. The Petitioner said that he wrote a letter to his cousin asking her to speak with Counsel. The Petitioner agreed that he recalled meeting with Counsel and Dr. Hutson, the expert witness, and viewing a video in preparation for the trial.

In a subsequent order, the post-conviction court found that the Petitioner had failed to establish the factual allegations contained in his petition by presenting clear and convincing evidence in support of his claims. Specifically, the order stated that the Petitioner had not shown that the services rendered or the advice given by Counsel was below the range of competence demanded of attorneys in criminal cases and that, but for the deficient performance, the result of the proceeding would have been different. It is from this judgment that the Petitioner appeals.

## II. Analysis

The Petitioner asserts that he received the ineffective assistance of counsel because Counsel failed to file a motion to suppress his September 11, 2008 statement to police. The State responds that Counsel was not deficient for choosing not to file a motion to suppress when there were no grounds to support such a motion.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-

4

110(f) (2012). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland,* 466 U.S. at 690; *State v. Mitchell*, 753

5

S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns,* 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State,* 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp,* 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic,* 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State,* 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "'The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" *House,* 44 S.W.3d at 515 (quoting *Goad,* 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Nichols v. State,* 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *Harris v. State,* 875 S.W.2d 662, 665 (Tenn. 1994).

The Petitioner gave a taped confession to the police on September 11, 2008. At the post-conviction hearing, the Petitioner said that this statement was coerced. Counsel stated that he did not file a motion to suppress the September 11, 2008 statement because he did not find grounds for such a motion. The record shows that the Petitioner was read the *Miranda* rights and signed an admonition form indicating his understanding of his rights and willingness to speak with the police officers on September 11, 2008. Counsel testified that the Petitioner did not deny the confessions and provided no alibi. In light of this, Counsel was required to pursue other avenues of defense, such as hiring Dr. Hudson. This evidence supports the post-conviction court's denial of the Petitioner's claim of ineffective assistance of counsel.

Accordingly, we agree with the trial court, the Petitioner has failed to prove the factual allegations in his petition by clear and convincing evidence. Therefore, the Petitioner is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the post-conviction court properly dismissed the Petitioner's petition for post-conviction relief. Accordingly, we affirm the judgment of the post-conviction court.

_____

ROBERT W. WEDEMEYER, JUDGE