IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 3, 2015

## DEANGELO WHITE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C1524      Roy B. Morgan, Jr., Judge**

_____

**No. W2015-00926-CCA-R3-PC  -  Filed December 23, 2015**

_____

Petitioner, Deangelo White, was convicted of two counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of aggravated burglary, one count of evading arrest, and one count of simple possession. He received an effective sentence of forty years. The convictions were affirmed on direct appeal. Petitioner sought post-conviction relief on the basis of ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. After a review, we determine that Petitioner has failed to prove by clear and convincing evidence that he is entitled to post-conviction relief. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Joshua B. Dougan, Jackson, Tennessee, for the petitioner, Deangelo White.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the respondent, State of Tennessee.

## OPINION

### Factual Background

Petitioner, Grico Clark, and Jordan Curry were indicted on multiple offenses after approaching Shannell Henning and Leon Jackson outside Ms. Henning's apartment in

Jackson, Tennessee. *State v. Grico Clark, et al.*, No. W2012-02666-CCA-R3-CD, 2014 WL 505501, at *1 (Tenn. Crim. App. Feb. 7, 2014), *perm. app. denied* (Tenn. June 20, 2014). At least two of the men were armed with guns. They robbed the victims, ordered them inside Ms. Henning's apartment, threatened their lives, took their money, assaulted Mr. Jackson, and duct-taped him to a chair. Ms. Henning convinced the men that she had more money in another apartment. *Id.* at *2. Clark and Petitioner took Ms. Henning to another apartment at gunpoint, giving her five minutes to return with money before they "shot up" the apartment. Once inside the apartment, Ms. Henning called the police. *Id.* Clark, Petitioner, and Curry were eventually apprehended and identified by the victims. After a jury trial, Petitioner was convicted of two counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of aggravated burglary, evading arrest, and simple possession and sentenced to forty years. *Id.* His convictions and sentence were affirmed on direct appeal. *Id.*

Petitioner filed a timely pro se petition for post-conviction relief in which he argued that trial counsel was: (1) ineffective in the plea negotiations; (2) ineffective by advising Petitioner not to testify at trial in his own defense; (3) ineffective by failing to challenge the *Batson* violation because the jury did not adequately represent Petitioner; (4) ineffective by failing to challenge the lesser included offenses; and (5) ineffective for failing to sever the cases from his codefendants. Counsel was appointed and an amended petition was filed. In the amended petition, appointed counsel elaborated on Petitioner's grounds for relief and raised an issue with regard to trial counsel's failure to attack Petitioner's convictions on the basis of a violation of the constitutional protection against double jeopardy.

*Post-conviction Hearing*

At the hearing, Petitioner testified that trial counsel initiated representation after the case was in Circuit Court. According to Petitioner, trial counsel met with him one time to discuss a plea offer of twenty-six years in incarceration. Petitioner was unclear whether the twenty-six years would be required to be served at 100%. Petitioner first testified that trial counsel encouraged him to accept the offer but that he wanted to contest the kidnapping charge. Later, Petitioner claimed that trial counsel "slick-talked" him into going to trial to attempt to obtain an acquittal on the kidnapping charge. Petitioner also recalled an offer of twenty years on the day of trial. Petitioner rejected the offer because he "wanted to try to beat the kidnapping." He claimed, however, that trial counsel "talked him in to [going to trial]" and that was as "specific as [trial counsel] could be."

Trial counsel testified that he had been practicing law for twenty-six years, focusing primarily on criminal law. Trial counsel was retained by Petitioner. They

discussed all of the State's evidence after trial counsel reviewed the State's file through the "open discovery" process. Trial counsel felt prepared for trial and was not surprised by any of the State's proof. Trial counsel explained that he had a good working relationship with co-defendants' counsel and that they all worked together at trial.

Trial counsel remembered one plea offer of twenty years at 100%. He discussed this offer with Petitioner at the jail. Trial counsel characterized the offer as "fair" and described Petitioner as reluctant to accept the plea because "he didn't believe that the nature of what happened warranted that type of sentence." Trial counsel explained that Petitioner rejected the plea offer. Trial counsel did not engage in further negotiations with the State because he understood that to be their final offer.

At the conclusion of the hearing, the post-conviction court commented that Petitioner "actually testified he couldn't state any reason why he didn't get a fair trial." As relevant to this appeal, the post-conviction court found Petitioner "rejected the plea offer because his goal was and his strategy in the case was to beat, he called it, kidnapping." The post-conviction court determined that Petitioner's dissatisfaction was based on Petitioner's failed strategy rather than the influence of trial counsel, finding Petitioner failed to show by clear and convincing evidence that he received ineffective assistance of counsel. The post-conviction court entered a written order denying relief. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal from the denial of post-conviction relief, Petitioner argues that trial counsel "erroneously coaxed [him] into rejecting a plea offer" and that this error prejudiced his case. Petitioner abandons his remaining claims with regard to double jeopardy, the *Batson* challenge, and severance on appeal. The State insists that the post-conviction court properly denied relief.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective

assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). A defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6

S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.*

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *Burns*, 6 S.W.3d at 461. This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

In this case, Petitioner's main complaint about trial counsel is that he failed to adequately advise him during the plea negotiations prior to trial. Petitioner's testimony at the post-conviction hearing, however, was contradictory on this very issue. First, he stated that he rejected the plea offer because he wanted to "beat" the charge of kidnapping. Then, he claimed that trial counsel "slick-talked" him into giving up the plea agreement and proceeding to trial. Petitioner did not name any particular action on the part of trial counsel which indicated that his decision to reject the plea was involuntary. Trial counsel, on the other hand, testified that he and Petitioner discussed the plea agreement but that he ultimately left the decision to Petitioner. The post-conviction court heard the testimony and determined as follows:

> [P]etitioner himself testified that the offers were communicated to him and rejected. Trial counsel testified that he spoke with [Petitioner] and conveyed all offers as well. [Petitioner] specifically stated that he wanted to beat the especially aggravated kidnapping charge. [Petitioner] made an informed choice to reject the State's plea offer and take[] his chances at trial. This was a trial strategy and it failed.

The evidence does not preponderate against the judgment of the post-conviction court. The post-conviction court implicitly ruled that trial counsel's testimony on the matter was more credible than that of Petitioner. Witness credibility is left to the determination of the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). Petitioner has failed to show clear and convincing evidence that he

received ineffective assistance of counsel at trial and is, therefore, not entitled to post-conviction relief. Accordingly, the judgment of the post-conviction court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE