IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2022

**DWIGHT TWARN CHAMPION v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-21-144      Roy B. Morgan, Jr., Judge**

_____

**No. W2021-01392-CCA-R3-PC**

_____

The Petitioner, Dwight Twarn Champion, was tried jointly with his co-defendant and was convicted of facilitation of criminal attempt of possession of cocaine with a weight of 0.5 grams or more with intent to sell, facilitation of criminal attempt of possession of cocaine with a weight of 0.5 grams or more with intent to deliver, and possession of marijuana, for which he received an effective twelve-year sentence. The Petitioner filed a petition for post-conviction relief, claiming that trial counsel was ineffective because he failed to file a motion to suppress, interview one of the State's witnesses, investigate the precise location of a black plastic bag containing drugs found outside the home, cross-examine one of the State's witnesses, and file a motion to sever the Petitioner's trial from his co-defendant's trial. The post-conviction court denied the petition. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined. JOHN EVERETT WILLIAMS, P.J., not participating.[1]

Alexander Camp (on appeal); and Joseph T. Howell (at hearing and on appeal), Jackson, Tennessee, for the appellant, Dwight Twarn Champion.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] The Honorable John Everett Williams passed away on September 2, 2022, and did not participate in this opinion. We acknowledge his faithful service to this Court.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

Law enforcement searched the home of Ms. Lena Virginia Cole, the Petitioner's co-defendant, pursuant to a search warrant and found a "'marijuana cigarette blunt,'" a glass Pyrex measuring cup with white powdery residue in it, and a black plastic bag containing 5.2 grams of cocaine, 13.9 grams of crack cocaine, suboxone strips, and a digital scale. *State v. Dwight Twarn Champion*, No. W2019-00230-CCA-R3-CD, 2020 WL 504826, at *1 (Tenn. Crim. App. Jan. 30, 2020), *perm. app. denied* (Tenn. June 5, 2020). Evidence connected the Petitioner to Ms. Cole's home, and the Petitioner and Ms. Cole were both indicted for possession with intent to sell or deliver 0.5 grams or more of cocaine in counts one and two, simple possession of marijuana in count three, and possession with intent to use drug paraphernalia in count four. *Id.*

At trial, the evidence showed that Madison County Sherriff's Department ("MCSD") Investigator Nathaniel Shoate searched the bedroom of the home and found a "'marijuana cigarette blunt'" on the nightstand. *Id.* MCSD Investigator Michael Byrd found currency wrapped in a sock in a dresser and a black wallet with currency in it. *Id.* He did not know to whom the currency belonged, but based on the amount and denominations present, he believed that narcotics transactions were probably taking place. *Id.* Jackson Police Department Investigator Jarrod Cobb testified that he found a glass Pyrex measuring cup on the kitchen counter with a white powdery residue inside. *Id.* The white residue tested positive for crack cocaine in two field tests conducted by Investigator Cobb at the home. *Id.* He testified that a measuring cup would have been used for manufacturing cocaine and was not used for cocaine consumption. *Id.*

Special Agent Cathy Dent of the Tennessee Bureau of Investigation ("TBI") searched the yard. *Id.* Along the property line adjoining Ms. Cole's residence on the left, Special Agent Dent found a black plastic bag. *Id.* She informed the lead investigator but did not remain to observe the bag being opened. *Id.* at *2. She stated that she did not investigate the property boundaries before her search and that she just had to "'guess . . . whose line would go to what spot.'" *Id.* She agreed that she did not communicate with any neighbors. *Id.*

MCSD Investigator Dennis Ifantis investigated Ms. Cole's home prior to the search. *Id.* He stated that the Petitioner was in a relationship with Ms. Cole and that he frequently spent the night at Ms. Cole's home. *Id.* He found several documents tying the Petitioner and Ms. Cole to the home, including the Petitioner's paystubs and credit cards,

Ms. Cole's driver's license, and a Tennessee auto insurance card for the Petitioner and Ms. Cole, which covered a BMW. *Id.*

Investigator Ifantis stated that the black plastic bag contained 5.2 grams of cocaine, 13.9 grams of crack cocaine, suboxone strips, and a digital scale and that, based on the weight of the narcotics and the presence of a digital scale, the drugs were possessed with the intent to sell and distribute rather than for personal use. *Id.* He testified that, to the best of his knowledge, the black plastic bag was found on Ms. Cole's property and not on the neighbor's property. *Id.* at *3. He stated that neither the Petitioner nor Ms. Cole had any way to view the search of the bag or where it was found because they were detained in the front yard near the porch when the bag was located and examined. *Id.* He explained that a drug dealer would hide narcotics in a thicket on a wood line to separate themselves from the drugs and other incriminating evidence. *Id.* He stated that three cell phones were located in the back bedroom of Ms. Cole's home and that having multiple cell phones was common in illegal drug transactions. *Id.* He ascertained that one of the cell phones belonged to Ms. Cole but that it did not contain evidence of illegal activity. *Id.* The two other cell phones were not operational. *Id.*

Investigator Ifantis testified regarding a conversation in which he

> spoke to [the Petitioner] once he was in jail and told [the Petitioner] that the investigators found "dope" in his backyard. Investigator Ifantis said that [the Petitioner] "was surprised" by this news. Later, Investigator Ifantis listened to a recording of [the Petitioner's] "booking call" in which [the Petitioner] told someone that there "wasn't nothing on that property. That sh** was next door . . . . They come down and swear by nine it was on the property. That sh** wasn't on no property."

> On cross-examination, . . . he agreed that he told [the Petitioner] that a black plastic bag was found before [the Petitioner] was heard talking about the bag in the "booking call." He also agreed that, while he was searching the black plastic bag in the backyard, he was not aware of whether [the Petitioner] and [Ms.] Cole were viewing his activities.

*Id.* He said that he tried to talk to Ms. Cole's next-door neighbors on two occasions but that nobody answered the door. *Id.*

The jury found the Petitioner guilty in count one of facilitation of criminal attempt of possession of cocaine with a weight of 0.5 grams or more with intent to sell as a lesser included offense of possession with intent to sell or deliver 0.5 grams or more of cocaine, guilty in count two of facilitation of criminal attempt of possession of cocaine with a

weight of 0.5 grams or more with intent to deliver as a lesser included offense of possession with intent to sell or deliver 0.5 grams or more of cocaine, and guilty in count three of possession of marijuana. *Id.* at *4. The jury was unable to reach a verdict in count four relating to the possession with intent to use drug paraphernalia charge, and the State dismissed that count. *Id.* The Petitioner received an effective sentence of twelve years in confinement as a career offender. *Id.* On appeal, a panel of this court affirmed the sufficiency of the evidence supporting the Petitioner's convictions. *Id.* at *6.

On June 8, 2021, the Petitioner filed a pro se petition for post-conviction relief and filed an amended petition following the appointment of counsel. As relevant to the issues raised on appeal, the Petitioner claimed that he received ineffective assistance of counsel because trial counsel failed to file a motion to suppress the evidence seized pursuant to a search of Ms. Cole's home, interview Investigator Ifantis about the confidential informant, investigate the precise location of the black plastic bag, cross-examine Investigator Ifantis to counter the State's argument that the Petitioner knew the location of the bag before he was informed of its location by law enforcement, and file a motion to sever the Petitioner's trial from Ms. Cole's trial. The post-conviction court held a hearing in which the Petitioner and trial counsel testified.

The Petitioner testified that he and trial counsel discussed his desire to file a motion to suppress but that trial counsel "chose not to file the motion to suppress and just went with the motion to reveal [the] identity of the [confidential informant] for some reason." He testified that at the hearing on the motion to reveal the identity of the confidential informant, Investigator Ifantis stated that Investigator Cobb "was the handler for the confidential informant, but moments later, [Investigator] Cobb testified that he [did not] know where the information from the confidential informant came from." The Petitioner stated that "he should have been investigated." He testified that trial counsel should have challenged the validity of the search warrant because the Petitioner was not the subject of the warrant. The Petitioner stated that the search warrant did not reference him and that he "was just the visitor at a home." On cross-examination, he denied living at the address and denied spending the night. He agreed he had "[n]othing to do with" Ms. Cole's residence and that his driver's license and "check stubs" listed an address different than Ms. Cole's address. He also believed trial counsel should have challenged the validity of the warrant on the basis that the affidavit contained hearsay and unreliable information from a confidential informant.

The Petitioner stated that no one tried to investigate the precise location where law enforcement found the black plastic bag. He stated that at trial there "was just a picture of him holding the black bag." He stated that Special Agent Dent testified at trial that the bag was found between Ms. Cole's street address and a street address for a home two houses down, which was impossible "because there[] [was] a house . . . between those

- 4 -

two properties." He disagreed that the issue regarding the location of the bag was brought out at trial. He stated that he did not possess the bag and did not know who possessed the bag. He said that addressing the location of the bag would have helped him challenge the element of possession at trial. He testified that a recording of a phone call he made while in jail was admitted at trial in which he stated, "They came down here and said that they found drugs in the back yard. It was next door. They found that sh[**] next door." He stated he knew the location of the bag because Investigator Ifantis "came to booking after he took me off the investigation and told me the whereabouts of these drugs." He stated that trial counsel asked Investigator Ifantis, "Did you tell [the Petitioner] the whereabouts of these drugs?" On cross-examination, the Petitioner agreed that Investigator Ifantis was asked where the bag was located. The Petitioner also stated that Investigator Ifantis and Special Agent Dent testified that the bag was located on the property line.

The Petitioner stated that trial counsel should have filed a motion to sever his trial from Ms. Cole's trial because Ms. Cole was the subject of the search warrant but he was convicted and she was not. He stated that he should not have been found guilty of facilitation when Ms. Cole was found not guilty of the crime he allegedly facilitated.

Trial counsel testified that he filed the motion to reveal the identity of the confidential informant so the defense could potentially interview the informant and discover what information the informant provided to law enforcement. He stated that the search warrant affidavit asserted that the confidential informant "had observed drugs in that particular residence and also had proven reliable in the past." He did not file a motion to suppress in part because he believed the Petitioner, who maintained he was a mere visitor of Ms. Cole's home, lacked standing to challenge the search of the home. Trial counsel also declined to file a motion to suppress based on his assessment that the warrant was supported by probable cause.

Trial counsel stated that the black plastic bag was found outside of Ms. Cole's home. He stated that he argued at trial about "which specific property that that bag was located." Trial counsel stated that the Petitioner's evidentiary testimony concerning the details of the phone call he made from jail was "pretty accurate." The State argued at trial that the Petitioner's phone call indicated that he knew the location of the bag of drugs and accordingly was in possession of them. The defense tried to establish that the Petitioner only knew the location of the drugs because Investigator Ifantis had told him their location and because he was outside when they were found.

Trial counsel stated that he did not recall discussing a motion to sever with the Petitioner. He stated that the issue could have been discussed, and if they did discuss it, "I can't see now that there was a basis for a severance. Strategically speaking, I would

like to have . . . [the Petitioner's] case tried with Ms. Cole since she was the one I could easily point to her in front of the jury" and argue that Ms. Cole possessed the drugs and drug paraphernalia. He did not recall if he made that argument at trial.

The search warrant affidavit was entered as an exhibit to the evidentiary hearing. The affidavit stated in relevant part that Investigator Ifantis,

> received information from a reliable confidential informant who has observed crack cocaine being sold by Lena Cole on the premise[s] of [her street address] within the past seventy-two hours. This informant has proven to be reliable by providing information that has been corroborated by Investigators of the Jackson-Madison County Metro Narcotics Unit on the illegal sale of narcotics, locations, and activities. This informant has been proven reliable by being credited with at least 15 controlled purchases under the direction of the Jackson-Madison County Metro Narcotics Unit, at least 15 arrest[s], and the recovery of at least 60 grams of cocaine.

The post-conviction court made a general credibility finding in favor of trial counsel. The court found that trial counsel discussed with the Petitioner that the defense would try to establish that the Petitioner did not live at Ms. Cole's home. The post-conviction court found that the defense admitted evidence at trial showing the Petitioner had an address different from Ms. Cole's address. The court found that trial counsel did not challenge the search warrant because the Petitioner's assertion he did not live at the home was inconsistent with standing to challenge the warrant. The court noted the information included in the search warrant affidavit and found that based on the four corners of the affidavit, probable cause supported issuance of the warrant. The court found that trial counsel made a strategic decision not to challenge probable cause based on his assessment that the affidavit established probable cause. The court found that there was no evidence presented to suggest Investigator Ifantis lied in the affidavit, and it concluded that the warrant was valid even if it was supported by hearsay.

The court noted that the location of the black plastic bag was at issue at trial. The court found that trial counsel was not deficient regarding his investigation of the black bag because "[i]t was very clear that this black bag . . . was outside of the house and possibly close to a property line, and these witnesses were examined in the presence of the jury as to the property line, the very specific location of the bag." The court found that photographs were admitted at trial regarding the location of the bag. The court found that the witnesses "even through sworn testimony marked where they found that bag. It was marked on the photo of [Ms. Cole's home] before the jury as to where the bag was discovered." The court found that the testimony reflected that the bag was located near the property line and that there was "no attempt to deceive" anyone. The court found that

the Petitioner failed to present any evidence "that could have been offered that would have changed the outcome of the trial."

Regarding the motion to sever, the court found that the Petitioner and Ms. Cole were tried together and that the jury convicted Ms. Cole of the marijuana charge but was hung regarding the remaining charges. The court credited trial counsel's testimony that he "felt better based on their defense strategy that they be tried together because he could" argue that the drugs and drug paraphernalia belonged to Ms. Cole rather than the Petitioner. The court found that trial counsel was not deficient because he "used that strategy during the course of the trial to try to put blame on someone else and not place blame on [the Petitioner]." The court concluded that the Petitioner failed to establish either deficiency or prejudice. The Petitioner appeals.

## ANALYSIS

The Petitioner contends that he received the ineffective assistance of counsel. A petitioner may request post-conviction relief by asserting grounds alleging that his conviction or sentence is void or voidable because it abridged his constitutional rights provided by the Tennessee or the United States Constitutions. T.C.A. § 40-30-103. To obtain post-conviction relief, a petitioner must prove the allegations of fact made in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). "[Q]uestions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge." *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001) (citing *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997)). Additionally, appellate courts may not "substitute their own inferences for those drawn by the trial court." *Id.* (citing *Henley*, 960 S.W.2d at 579). This court reviews "a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013) (citations omitted).

A criminal defendant has a right to the assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to assistance of counsel inherently guarantees that counsel's assistance is "effective." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009). To prove that counsel was ineffective, a petitioner must show that (1) counsel performed deficiently and (2) such deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Because a petitioner must establish both deficiency and

prejudice to prove ineffective assistance of counsel, a court need not address both prongs where the petitioner has failed to establish one of them. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S at 688. This standard requires a petitioner to demonstrate that the "services rendered or the advice given" were "below 'the range of competence demanded of attorneys in criminal cases.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Counsel must have made errors so serious that counsel was not functioning as the "'counsel'" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Measuring counsel's performance requires giving deference to counsel's decisions, and courts must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Accordingly, this court has held that a "petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). Adequate preparation includes counsel's "'duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary.'" *Burns*, 6 S.W.3d at 462 (quoting *Strickland*, 466 U.S. at 691). The reviewing court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland* 466 U.S. at 689).

To demonstrate that counsel's deficient performance prejudiced the defense, a petitioner must prove "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Dellinger*, 279 S.W.3d at 293 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The Petitioner maintains that counsel was ineffective by failing to challenge the validity of the search warrant through a motion to suppress. He asserts that he was merely a guest at Ms. Cole's home and that the search warrant lacked probable cause because it was based on hearsay and unreliable information obtained from a confidential informant. We note that the Tennessee Supreme Court has recently held that when a petitioner raises an ineffective assistance of counsel claim based on counsel's failure to

file a motion to suppress, *Kimmelman v. Morrison*, 477 U.S. 365 (1986), defines the proper standard for prejudice. *Tommie Phillips v. State*, --- S.W.3d ---, 2022 WL 2092796, at *8 (Tenn. June 10, 2022). Under *Kimmelman*, a petitioner must show a meritorious suppression claim and a reasonable probability that the outcome of the proceedings would have been different had the evidence at issue been excluded. *Id.* Additionally, consistent with the *Strickland* deficiency prong, counsel's failure to file the motion must have been objectively unreasonable. *Id.* at *9. Therefore, when a petitioner asserts that trial counsel failed to file a motion to suppress, the petitioner must show:

> "(1) a suppression motion would have been meritorious; (2) counsel's failure to file such motion was objectively unreasonable; and (3) but for counsel's objectively unreasonable omission, there is a reasonable probability that the verdict would have been different absent the excludable evidence."

*Id.* (quoting *Khalil-Alsalaami v. State*, 486 P.3d 1216, 1239 (Kan. 2021)). Under the *Kimmelman* test, the burden to prove the factual allegations supporting the petitioner's claims by clear and convincing evidence remains with the petitioner. *Id.* at *10 (citing T.C.A. § 40-30-110(f)). Thus, in order to prevail, the petitioner "should incorporate a motion to suppress within the proof presented at the post-conviction hearing." *Id.* at *8 (quoting *Terrance Cecil v. State*, No. M2009-00671-CCA-R3-PC, 2011 WL 4012436, at *8 (Tenn. Crim. App. Sept. 12, 2011)).

In the present case, the Petitioner failed to cite to any law concerning searches or seizures in his petition or amended petition. The Petitioner's appellate brief is likewise deficient in that he fails to cite to any case law concerning the suppression issue and makes minimal argument as to how a motion to suppress would have had merit. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b); *see* Tenn. R. App. P. 27(a)(7). As a result, we conclude that the Petitioner's argument regarding prejudice is waived on appeal and that he fails to show that the suppression motion would have been meritorious. *See Tommie Phillips*, 2022 WL 2092796, at *9.

The Petitioner claims that trial counsel should have interviewed Investigator Ifantis about the confidential informant. In the part of his hearing testimony relevant to this claim, he also referenced Investigator Cobb's testimony at a pretrial motion hearing. Neither Investigator Ifantis nor Investigator Cobb testified at the post-conviction evidentiary hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Because the witnesses referenced by the Petitioner did not

testify at the evidentiary hearing, we cannot discern how trial counsel's failure to interview them prejudiced him. *See id.*

The Petitioner also claims that trial counsel failed to investigate the precise location of the black plastic bag containing drugs and drug paraphernalia. The Petitioner testified that there was only a photograph of someone holding a bag introduced at trial and that Special Agent Dent testified that she found the bag between Ms. Cole's home and the street address for a home two houses down the road. The Petitioner testified that it was impossible for Special Agent Dent to have found the bag in that location because there was a house between those two addresses. Trial counsel testified that he argued at trial "which specific property that that bag was located." The post-conviction court found that trial counsel was not deficient in his investigation because the location of the bag was thoroughly explored at trial. The court found that photographs were admitted at trial showing the location of the bag and that one photo was marked with the location in which law enforcement found the bag. The evidence does not preponderate against the trial court's findings. *See Ward*, 315 S.W.3d at 465. Accordingly, he has failed to establish deficiency.

The Petitioner also argues that trial counsel failed to cross-examine Investigator Ifantis to counter the State's argument that the Petitioner knew the location of the bag because the drugs belonged to him. The Petitioner testified at the hearing that he only knew of the bag's location because Investigator Ifantis told him that information at the jail. Trial counsel testified that the Petitioner's testimony in that regard was "pretty accurate" but that the defense countered the State's argument by arguing that someone told him the location of the bag and that he was outside when the bag was located. At trial, Investigator Ifantis testified on cross-examination that he told the Petitioner that a black plastic bag was found before the Petitioner was heard talking about the bag on the phone call. *Dwight Twarn Champion*, 2020 WL 504826, at *3. The Petitioner has not established that trial counsel's performance was deficient. Moreover, he fails to show how any further cross-examination of Investigator Ifantis on this issue could have altered the result of the trial. Therefore, he failed to show prejudice.

The Petitioner contends that trial counsel failed to file a motion to sever the Petitioner's trial from Ms. Cole's trial. However, the Petitioner's appellate brief is deficient because he did not cite to any authority supporting the severance issue and made minimal argument as to how a motion to sever would have had merit. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b); *see* Tenn. R. App. P. 27(a)(7). The Petitioner also fails to show a reasonable probability that the outcome of his trial would have changed had the motion to sever been filed and granted. Thus, he failed to demonstrate prejudice.

- 10 -

## CONCLUSION

Based on the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE